UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILDER NUNEZ

VERSUS

CRST EXPEDITED, INC., ET AL.

CIVIL ACTION

NO. 19-774-JWD-SDJ

### RULING ON MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE CITATION ISSUED TO ANTHONY STIDHAM, JR.

Before the Court is the *Motion in Limine to Exclude Evidence Regarding the Citation Issued to Anthony Stidham, Jr.* ("*Motion*") (Doc. 25) filed by defendants CRST Expedited, Inc., Anthony Stidham, Jr. ("Stidham") and Ace American Insurance Company (collectively, "Defendants"). A response was filed by plaintiff Wilder Nunez ("Plaintiff" or "Nunez"). (Doc. 30.) Defendants filed a reply brief. (Doc. 34.) For the following reasons, the *Motion* is granted.

I.  BACKGROUND AND SUMMARY OF PARTIES' ARGUMENTS

This case arises from a motor vehicle accident which occurred in Duson, Louisiana on March 31, 2018 between a 2015 Freightliner Cascadia 125 being driven by Stidham and a 1997 Freightliner Classic XL being driven by Nunez. (Doc. 21 at 2-3.) Nunez claims to have been injured as a result of Stidham's negligence. (*Id*.) Stidham was issued a citation for negligent operation of his vehicle. (Doc. 25-1 at 2.) He pled "no contest" and paid the ticket "to avoid the hassle and expense of contesting it." (*Id*.)

Defendants move to exclude "testimony or evidence regarding the citation issued to [Stidham]…" (*Id*. at 1), and "[a]dditionally and/or in the alternative" move to "prohibit any reference or inference that receiving and/or paying the citation results in a presumption of negligence." (*Id*.) In his opposition, "plaintiff agrees not to argue that Mr. Stidham's payment of the citation demonstrates guilt, or that the citation results in a presumption of negligence." (Doc.

30 at 1.) Curiously Plaintiff adds that he "disputes that the [police] report is hearsay, and further disputes that the investigating officer's opinions are inadmissible." (*Id*.)

In their reply, Defendants point out that the investigating officer's report and opinions were not a subject of their motion and thus "need not be addressed by the Court at this time." (Doc. 34 at 1–2.) Defendants urge that Plaintiff's concessions made in his response indicate Plaintiff's agreement that Stidham's payment of the citation does not show guilt or raise a presumption of negligence. (*Id*. at 1.) Unresolved, however, is that part of Defendants' motion asking the Court to exclude "evidence of the citation and payment thereof, for any purpose." (*Id*.)

## II.    DISCUSSION

The Court agrees with Defendants that the issuance of the citation is inadmissible for any purpose and specifically cannot be used to prove or argue Stidham's negligence. *Ruthardt v. Tennant*, 252 La. 1041, 1047, 215 So. 2d 805, 808 (La. 1968) ("In civil cases it is inadmissible to show that one or the other of the parties was charged by the police with a traffic violation . . . "). *See also Figeroha v. State Farm Mut. Auto. Ins. Co.*, 2011-1985 (La. App. 1 Cir. 5/3/12); 2012 WL 1564686, at *4 (unpublished). This part of Defendants' motion is granted.

Plaintiff does not concede but does not oppose that part of Defendants' motion asking the Court to exclude evidence of Plaintiff's no contest plea and his paying the ticket. Regardless, the Court finds Defendants' position is correct.

> [A] guilty plea is an admission against interest that is relevant to proving fault in a civil case. *Shephard ex rel. Shephard* [*v. Scheeler*, 96-1690 (La. 10/21/97); 701 So. 2d 1308, 1319]; *Romano* [*v. Altentaler*, 2011-0303 (La. App. 1 Cir. 9/14/11); 77 So. 3d 282]; *Am. Med. Enters., Inc.* [*v. Audubon Ins. Co.*, No. 05-2006 (La. App. 1 Cir. 6/08/07); 964 So. 2d 1022, 1029; 964 So. 2d at 1029]; *Harris* [*v. Dunn*, 45,619 (La. App. 2 Cir. 9/22/10); 48 So. 3d 367, 372). Even though the expressed reason for pleading guilty and paying the ticket may be "to avoid going to court and [his] intent was not to admit guilt of the action alleged ..." this is nonetheless considered

2

> an admission although it is not conclusive on the issue of fault. *Hopkins v. Nola*, 46,114 (La. App. 2 Cir. 3/9/11); 58 So. 3d 1075, 1078, 1081 n.2.
>
> However, payment of the fine alone without more may not necessarily be considered a guilty plea. *See, e.g., Snider v. N.H. Ins. Co.,* No. 14-2132, 2016 WL 3278865 (E.D. La. June 15, 2016) (distinguishing Hopkins "because in Hopkins, the plaintiff herself paid the traffic citation she received ..." whereas, in *Snider*, the defendant's daughter paid it for him while he was hospitalized.); *Maricle* [*v. Liberty Mut. Ins. Co*., 04-1149 (La. App. 3 Cir. 3/2/05); 898 So. 2d 565, 572]; *Iglinsky* [*v. Player*, No. 08-650, 2010 WL 4925000, at *6 (M.D. La. July 16, 2010), *report and recommendation adopted*, No. 08-650, 2010 WL 4905984 (M.D. La. Nov. 24, 2010)).]

*Baxter v. Anderson*, No. 16-142, 2017 WL 2378807, at *2 (M.D. La. June 1, 2017) (deGravelles, J.). Therefore, that part of the motion is also granted.

Thus, the Court grants Defendant's motion in its entirety. The issues raised by Plaintiff in his response (namely, whether the police report is hearsay and, if so, whether it falls into an exception to the hearsay rule, and whether the investigating police officer can testify as an expert witness) are not before the Court, and the Court will not consider or rule on them at this time.

### III.   Conclusion

For the foregoing reasons, the *Motion in Limine to Exclude Evidence Regarding the Citation Issued to Anthony Stidham, Jr.* (Doc. 25) filed by defendants CRST Expedited, Inc., Anthony Stidham, Jr. and Ace American Insurance Company is **GRANTED**.

Signed in Baton Rouge, Louisiana, on <u>April 7, 2021</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**