UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILDER NUNEZ

VERSUS

CRST EXPEDITED, INC., ET AL.

CIVIL ACTION

NO. 19-774-JWD-SDJ

### RULING ON PLAINTIFF'S AMENDED MOTION IN LIMINE

Before the Court is *Plaintiff's Amended Motion in Limine* (Doc. 29) filed by plaintiff Wilder Nunez ("Plaintiff" or "Nunez").[1] It is opposed by defendants CRST Expedited, Inc., Anthony Stidham, Jr. ("Stidham") and Ace American Insurance Company (collectively, "Defendants"). (Doc. 32.) No reply brief was filed. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is denied.

### I.    BACKGROUND AND SUMMARY OF PARTIES' ARGUMENTS

This case arises from a motor vehicle accident which occurred in Duson, Louisiana on March 31, 2018 between a 2015 Freightliner Cascadia 125 being driven by Stidham and a 1997 Freightliner Classic XL being driven by Nunez. (Doc. 21 at 2–3.) Nunez claims to have been injured as a result of Stidham's negligence. (*Id.*) In this motion, Plaintiff seeks to exclude any evidence or mention that Plaintiff was involved in an accident in January of 2018 since there was no such accident and the reference to that accident found in Plaintiff's medical records was based on Plaintiff's faulty memory and a misunderstanding on the part of Plaintiff's health care providers. (Doc. 29 at 2–3.)

---

[1] The Court notes that Plaintiff filed what appears to be an identical motion and memorandum on April 2, 2021 (Doc. 37), beyond the March 9, 2021 deadline for filing motions in limine. No leave was sought to file this motion beyond the deadline and therefore it will not be considered. If the Court did consider it, the motion would be denied for the reasons stated herein.

1

Plaintiff also seeks to exclude any evidence or mention of benefits "of any kind or character" paid to or on behalf of Plaintiff or to which he might become entitled, from a collateral source "including worker's compensation benefits, disability benefits, government benefits, Affordable Care Act, OBAMACARE, third party payor, attorney loans, bank loans, social security, payment of medical bills, Medicare, Medicaid, health insurance, etc." (Doc. 29 at 3.) Plaintiff fails to advise the Court which of these benefits, if any, were provided to or on behalf of Plaintiff or to which he might be entitled in the future.

With respect to the January 2018 accident, Defendants respond that Plaintiff's reference to another accident was not "mistaken" or the result of his faulty memory or a misunderstanding by his providers, and, indeed, there are multiple references in Plaintiff's records (including an employment application which is attached). (Doc. 32 at 5–7; Doc. 32-1.) Defendants argue that a ruling in Plaintiff's favor on this issue would "require a credibility determination, which is inappropriate at this stage." (Doc. 32 at 5.)

Defendants urge that the collateral source rule is applied differently depending on the kind of payment or benefit involved. (*Id*. at 2–5.) Some payments, for instance, are considered collateral sources if "the plaintiff either paid for the collateral source of recovery or suffered a diminution in his patrimony in exchange for the availability of that recovery[.]" (*Id*. at 2–3.) The collateral source rule does not work to allow a plaintiff's "right to recover medical expenses extinguished by operation of federal law governing Medicare," nor does it apply to a host of other situations which might or might not apply here, including "discounts of medical expenses obtained through the litigation process." (*Id*. at 3 (citations omitted).)

## II.    DISCUSSION

Whether or not Plaintiff had a second accident unrelated to the subject accident or, on the other hand, no such accident occurred and its mention in Plaintiff's medical and employment records is the result of a mistake and misunderstanding, is a fact question for the jury to decide. It cannot properly be excluded prior to trial by way of a motion in limine. Plaintiff's motion on this issue is therefore denied.

As to the issue of payments or benefits subject to the collateral source rule, Defendants are right that whether and to what extent the collateral source rule applies depends on the nature and circumstances of the payments or benefits at issue, and Plaintiff has given the Court no information about the alleged payments and benefits involved in this case and upon which a ruling can be made. Therefore, this part of Plaintiff's motion is likewise denied.

## III.    CONCLUSION

For the foregoing reasons, *Plaintiff's Amended Motion in Limine* (Doc. 29) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 7, 2021.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**